**UNITED STATES of America,**
**Appellee,**

v.

**Norman Dale CALLISON, Appellant.**

**No. 23260.**

United States Court of Appeals
Ninth Circuit.

March 28, 1969.

Rehearing Denied April 25, 1969.
Second Rehearing Denied June 4, 1969.

H. Earl Rogge, Jr. (argued), Tucson, Ariz., for appellant.

Rubin Salter, Jr. (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Jo Ann D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before BARNES, BROWNING and CARTER, Circuit Judges.

BARNES, Circuit Judge:

Appellant was convicted of concealing and facilitating the concealment of heroin. He was arrested by officers who, after having his residence and particularly the area near his horse corral under surveillance for the better part of two nights (December 1st and 2nd, 1967) testified that on the second night they saw him stoop and reach toward a log. At that moment, the officers, from their hiding place, shone a flash light on the appellant, who ran, throwing some object away that slithered through the leaves of a tree or bush, and onto the ground. Examination below the tree revealed a rubber container of heroin.

Appellant urges three errors: *first,* that the trial court committed error in refusing to strike all testimony relating to the surveillance of appellant's house on the day preceding the arrest; *second,* that the trial court erred in refusing to grant a mistrial "because * * * counsel for appellee contended that the appellant was making his living from the sale of heroin" and commented on the surveillance; and *third,* that the representation of appellant by trial counsel below was so inadequate as to demonstrate a lack of due process.

We find no merit in any of the points urged.

■ The trial court had heard no motion to strike the evidence with respect to surveillance until four government witnesses had testified. No objections were made on behalf of appellant when the evidence was introduced. The basis of the objection was that it "had no connection" with appellant.

The trial judge then stated the evidence was immaterial, but that there had been no objection and "I don't see any mischief in it, but it really has no materiality." (T.R. 70.) Counsel for appellant then stated: "I ask simply that the jury be asked to ignore the evidence because of lack of materiality." The court then said:

> "THE COURT: Members of the jury, there has been some testimony about observations on the night of December 1st. I am going to say this to you, as far as I know anything about it or can see anything, it is completely immaterial and unless you find some materiality in it, I will instruct you to disregard it, unless you find it is in some way material to some aspect of the events of December 2nd, then you will disregard it. I will leave it to you in that extent." (T.R. 70.)

This apparently satisfied counsel for appellant, for no other or additional motion was made at the close of the prosecution's case, nor at the conclusion of the defense.

The only authority cited by counsel for appellant is 23A C.J.S. Criminal Law § 1060, p. 7, which states:

> "The impropriety of a question propounded to a witness *may* be so flagrant that the evidence adduced is inadmissible although a prompt objec-

tion to the question was not interposed * * *." (Emphasis added.)

We cannot reasonably describe this evidence as "flagrantly improper."

Appellant at one point in his brief refers to this evidence as hearsay, which it was not. The one objection made by appellant's trial counsel to hearsay evidence was sustained by the trial judge so quickly neither the witness nor appellant's counsel could finish his sentence (T.R. 30).

As to appellant's second point (with respect to his opponent's jury argument), we note: (1) that government counsel did ask the jury to infer that the appellant sold heroin; that he had to have income from some source if he was to play in poker games involving $900 winnings and losings; that the appellant worked irregularly, and his wife earned $40 per week and there were four children to support. The language specifically charged against the United States Attorney (that the appellant was making his living by the sale of heroin) was not actually used. The jury was asked to infer "that the defendant was getting money from some other source" than his own industry.

Defendant's counsel's motion for a mistrial *after* the Government's argument to the jury (T.R. 188) went too far in overstating his objection. For example, he stated the United States Attorney intimated in his argument that "the defendant * * * had been active in the receipt of the heroin, and its importation across the border, which was not in evidence."

It was neither in evidence, nor in the Government's argument. The court properly and accurately stated "I don't think he had any argument like that. The motion is denied."

The trial judge then gave, out of an abundance of caution, instructions (T.R. 188–189) that the statements of counsel "are not evidence in the case," etc. He also then gave a strong instruction to the jury to the effect that there was no evidence why the officers had the house and corral of the defendant under surveillance, and they were to disregard any argument that the officers did or may have had some reason for such surveillance.

We agree with the trial judge that it would have been better had the Government not introduced such testimony, but we find no adequate basis for requiring a mistrial because of it.

Finally, as to lack of adequate representation, much of the alleged error (the lack of authorities for the motion to dismiss; the failure to subpoena witnesses; the lack of conferences before trial) is explained by the record (T.R. 6–10). There it appears the defendant preferred to go fishing to conferring with his attorney during the three months time he had to prepare for trial. The trial court specifically stated he accepted the truth of the attorney's statements, rather than the defendant's (T.R. 10, lines 2–4).

The point urged as to lack of objections to hearsay testimony is trivial; the evidence offered must be hearsay, and here it was not (save in the one instance where the objection was sustained).

Appellant's counsel on appeal suggests there could well have been "exact measurements" of the distances between the horse corral, the place of defendant's arrest, and the place where the heroin was picked up after arrest. Photographs of the trees could well have been taken. Both of these procedures would no doubt have been helpful to the jury, and to this court. But because one counsel suggests, after the fact, that he thinks the case should or could have been defended in a different manner, does not make the trial "a farce and a mockery of justice."

The difficulty with defendant's defense was that several officers testified *they saw him* reach for and obtain the hidden heroin, and throw it away when surprised in the act. He explained his presence near the log as his desire to get a breath of fresh air near the horse corral.

We cannot refrain from pointing out that some lawyer, hereafter looking at the briefs on this appeal, might be astounded to note not a single case is cited in appellant's brief on behalf of any law urged. There are seven references to Corpus Juris or American Jurisprudence. But this does not mean the appeal was a sham or farce.

Finding no error we affirm.